### MOERS et ux. v. HERRON.
### No. 9491.

Court of Civil Appeals of Texas. Galveston.
Jan. 2, 1931.

Rehearing Denied Jan. 29, 1931.

Barkley & Webb and W. K. Richardson, all of Houston, for appellants.

C. M. Kay, of Houston, and B. C. Johnson, of Port Arthur, for appellee.

PLEASANTS, C. J.

This suit was brought by appellee against appellants to recover a balance of $1,348.10 claimed to be due him under a contract for the construction of a dam upon property belonging to Mrs. Moers. The following sufficient statement of the substance of the pleadings is copied from appellants' brief: The petition alleges:

"That on or about the 13th day of November, 1927, appellee and appellant Dr. R. H. Moers, entered into an agreement whereby appellee was to construct a dam upon the separate property of the appellant Mrs. Katherine Moers, undisclosed principal, acting through her husband Dr. R. H. Moers as agent. That appellee was to furnish teams and men, and was to receive therefor the sum of Seven Dollars per nine hour day for each man and team, and Two Dollars and Seventy-five cents per nine hour day for men only. That at the end of each week after the first week, payments in the amount sufficient to meet expenses were to be made to appellee; balance to be paid when work was completed. In the alternative, the petition alleges that if there was no contract appellee was entitled to recover the usual reasonable and customary price for such labor, to-wit, the sums as set out above. That of the total sum earned, to-wit, $2,715.40, appellants still owed appellee the balance of $1,348.10.

"Appellee's itemized accounts showing time, amounts, and payments, were attached to the petition. Appellant Dr. R. H. Moers, filed general demurrer and general denial, and special denial to itemized account, and in addition filed special answer alleging that appellee in agreeing to construct a dam guaranteed that the costs would not be over Twenty-five Hundred Dollars, and if the job cost less than Twenty-five Hundred Dollars appellant was to have benefit of reduction. That appellant has at all times been ready, able and willing to pay appellee for the dam according to contract.

"For further answer, appellee represented himself as knowing how to construct the dam, but as built it was without value to appellants. Appellant Mrs. Katherine Moers, filed general demurrer and general denial."

A jury to whom the cause was submitted returned a verdict in favor of plaintiff for the amount claimed by him, and judgment was rendered accordingly.

· The record discloses the following facts: The contract alleged in plaintiffs' petition was executed by Dr. Moers for himself and as agent for Mrs. Moers. There is a direct conflict in the evidence as to the exact terms of the contract, but the jury determined this conflict in favor of the plaintiff, who testified, in substance, that, when he examined the place at which the excavation was to be made and the dam constructed, he told Dr. Moers that he thought the work could be done for $2,500, and probably for $2,200; that he was willing to take the contract for $2,-500, but Dr. Moers declined to make the contract for that amount, and wanted plaintiff to make a contract to do the work for $7 per nine-hour day for each man with a team employed in the work and $2.75 per day for each man without a team, and to guarantee that the cost of the improvement would not exceed $2,500, and, if less than that amount, the defendant would only pay the actual cost at the prices for labor and teams before stated. The plaintiff declined to accept this proposition, but did offer to do the work at the stated price for labor and teams, with the understanding that he was to be paid at the end of each week the amount necessary to pay for the labor and teams employed by him. After this offer of plaintiff had been considered by Dr. Moers a day or two, plaintiff received a message from him to go ahead with the work. After receiving this message, plaintiff commenced the work with the knowledge and consent of Dr. Moers, who was present when the work was started, and kept himself advised of its progress. Plaintiff furnished him with the names of the men and number of teams engaged in the work. The defendant put a clock at the place the work was being carried on, and kept the hours of work for each day.

The first proposition presented in appellants' brief complains of the charge of the court in which the jury are told that, if they find that the terms of the contract between plaintiff and the defendants were as alleged in the petition and testified to by plaintiff, they should find for plaintiff the amount claimed in his petition. This complaint is based on the ground that the correctness of the account is only shown by plaintiff's testimony, and, because of his interest in the suit, the jury was not required to believe plaintiff's testimony. The general rule of law invoked by this proposition is sound and sustained by the authorities, but it has no application to the facts of this case. Plaintiff's testimony as to the correctness of the account was sufficiently corroborated by other facts and circumstances in evidence to authorize the charge.

But we need not set out any of these corroborative facts and circumstances, since the question is removed from the realm of doubt by the agreed statement of facts, which recites that: "It was agreed that the statement attached to plaintiff's First Amended Original Petition is correct."

This agreement was evidently overlooked by the attorney who prepared appellants' brief.

We are also of the opinion that the record does not present the question of the invalidity of the contract on the ground that the minds of the parties did not meet in its execution. The plaintiff testified that the contract was as alleged in the petition. The defendant Dr. Moers denied that he made that contract, and testified that plaintiff guaranteed to do the work for $2,500, and, if it could be done for a less amount at the agreed price of $7 per day per man with teams and $2.75 per day for men without teams working nine hours a day, plaintiff would only charge such less amount. · The jury settled this conflict in the evidence in favor of plaintiff, and it cannot be held that, because of such conflict in the testimony, the contract was void for a failure of the meeting of the minds of the parties. To so apply the rule invoked by appellant would render invalid any verbal contract when there was a conflict in the testimony of the parties as to the terms of the contract. If so applied, the rule would become an absurdity, and would destroy the right of a party to have a jury or court in cases of this kind determine questions of fact by the weight and preponderance of the evidence.

Appellants' remaining proposition complains of the charge of the court on the ground that it did not give the jury the correct measure of damage. By this proposition appellants present the contention that the plaintiff, having failed to complete his contract, was only entitled to recover the difference between the contract price and what it would cost appellants to complete the work embraced in the contract.

This contention also ignores the findings of the jury in favor of the plaintiff upon the issue of the terms of the contract. In addition to this, the undisputed evidence shows that defendants had failed to comply with their contract to make the weekly payments to plaintiff as therein provided, and that plaintiff, because of such failure, was unable to continue the work.

In these circumstances, plaintiff could not be held to the rule of damage applicable to a plaintiff who had voluntarily abandoned his contract.

These conclusions require an affirmance of the judgment, and it has been so ordered.

**Affirmed.**